Chief Judge Fuld (dissenting).
If I were to judge the film before us in terms of my personal views of its social value, of its moral and aesthetic worth, I would condemn it for its vulgarity no less than for its banality.[1] However, as we declared some years ago in People v. Richmond County News (9 N Y 2d 578, 587-588), “ [b]asic principles of jurisprudence * * * command "us to put to one side all personal predilections ”. Faithful to this injunction, I cannot but conclude that, in the light of First Amendment concepts, as reflected in the decisions *324 of the Supreme Court (see, e.g., Cain v. Kentucky, 397 U. S. 319, revg. 437 S. W. 2d 769, 774-775; Redrup v. New York, 386 U. S. 767), the motion picture under consideration, explicit though it is in exhibiting acts of sexual intercourse, may not be stamped as obscene. So concluding, I do not reach the further question concerning the necessity for an adversary hearing prior to the court’s issuance of a warrant for the film’s seizure.
Judges Burke, Scileppi, Breitel and Jasen concur with Judge Bergan; Chief Judge Fuld dissents and votes to reverse in a separate opinion in which Judge Gibson concurs.
Order affirmed.

. It should be noted that no person under 18 years of age was ever admitted to the theatre where the picture was shown and that there was no claim of pandering or exploitation of its sexual content.